This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

1 | CINDY F. FORMAN, Bar No. 134267
THOMAS W. FOOTE, Bar No. 151013
2 | SHAPIRO, RODARTE & FREEDMAN LLP
233 Wilshire Boulevard, Suite 700
3 | Santa Monica, California 90401-1220
Telephone: (310) 319-5400
4 | Facsimile: (310) 319-5401
CForman@Shapirofirm.com
5 | TFoote@Shapirofirm.com

6 | Attorneys for Defendants
SILVER POINT CAPITAL, L.P., and
7 | SILVER POINT FINANCE, LLC

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

11

12 | WANG HARTMANN GIBBS &
CAULEY, P.C., a Corporation,     )   Case No. **SACV08-01411 DOC (ANx)**
13 |
            Plaintiff,     )   [State Court Case No. 30-2008-
14 |                    )   00114645]
        vs.     )
15 |                    )   **NOTICE OF REMOVAL OF**
SILVER POINT CAPITAL, L.P., a    )   **ACTION UNDER 28 U.S.C.**
16 | Delaware Limited Partnership, and   )   **§ 1441(b) (DIVERSITY)**
SILVER POINT FINANCE, LLC, a   )
17 | Delaware Limited Liability Company,   )   [Certificate of Interested Parties Filed
and DOES 1 through 25, inclusive,   )   Concurrently Herewith]
18 |                    )
       Defendants.     )
19 |                    )

20

21

22 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23 |       PLEASE TAKE NOTICE THAT Defendants SILVER POINT CAPITAL,

24 | L.P., and SILVER POINT FINANCE, LLC ("Defendants") hereby remove this

25 | action from the Superior Court of the State of California, County of Orange, to the

26 | United States District Court for the Central District of California, Southern Division,

27 | pursuant to 28 U.S.C. § 1441 (diversity of citizenship).

28

-1-

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, for the following reasons:

1. On November 12, 2008, Plaintiff filed an action, entitled "Wang Hartmann Gibbs & Cauley, P.C., a Corporation, vs. Silver Point Capital, L.P., a Delaware Limited Partnership, and Silver Point Finance, L.L.C., a Delaware Limited Liability Company, and Does 1 through 25, inclusive," in the Superior Court of the State of California, County of Orange, Case No. 30-2008-00114645. The Complaint seeks damages for alleged inducement of breach of contract and/or interference with prospective advantage. A true and correct copy of the Summons and Complaint, along with true and correct copies of all process, pleadings and orders served on Defendants in this action, is attached hereto and incorporated herein as Exhibit "A".

2. The first date upon which Defendants received a copy of the Complaint was November 14, 2008, when Defendants' Registered Agent was served with a copy of the Complaint and a Summons. Attached hereto as Exhibit "B" are true and correct copies of the Notices of Service of Process by Defendants' Registered Agent. This Notice of Removal, therefore, is filed within thirty (30) days of service of the Complaint on Defendants and within one year from the commencement of this action. Thus, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1332(a)(2), this Court has jurisdiction over this matter because it is a civil action between diverse citizens where the matter in controversy exceeds $75,000.

## DIVERSITY JURISDICTION

### Amount in Controversy

4. A defendant meets its burden of showing that the amount in controversy exceeds the Court's jurisdictional threshold if it demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Here, Plaintiff claims

1  entitlement to $234,158.06 (the amount allegedly owed to Plaintiff by Vivitar
2  Corporation (a third party)), and seeks that amount as "compensatory damages" from
3  Defendants in the Complaint, thus establishing the amount in controversy.  See
4  Complaint at 7:21.

5  ## Citizenship of the Parties

6      5.     Plaintiff is a California corporation with its principal place of business
7  in the State of California.  28 U.S.C. § 1332(c)(1) (deeming corporation to be a
8  citizen of the State where it is incorporated and of the State where it has its principal
9  place of business).

10     6.     Defendant Silver Point Capital, L.P. is a limited partnership.  Federal
11 law treats partnerships as "citizens" of each state in which the partners are citizens.
12 *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192-195 (1990).  There are six
13 partners of Silver Point Capital, L.P.:  Edward A. Mulé (a citizen of Connecticut);
14 Robert J. O'Shea (a citizen of New Jersey); Michael A. Gatto (a citizen of
15 Connecticut); Zachary M. Zeitlin (a citizen of Connecticut); Louis S. Wells (a citizen
16 of Connecticut); and, John T. Abate (a citizen of New York.)  Silver Point Capital,
17 L.P., therefore, is a "citizen" for diversity purposes of New York, New Jersey and
18 Connecticut.

19     7.     Co-Defendant Silver Point Finance, LLC, is a limited liability company.
20 "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members
21 are citizens."  *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th
22 Cir. 2006).  Silver Point Finance, LLC is entirely owned by Silver Point Capital,
23 L.P., and therefore shares its citizenship (New York, New Jersey and Connecticut)
24 for diversity purposes.

25     8.     The presence of fictitious defendants Does 1 through 25 has no bearing
26 on diversity under 28 U.S.C. § 1441(a).  As of the date of the filing of this Notice, no
27 other party has appeared as a defendant or cross-defendant.

28

-3-

## Conclusion

9.     Under 28 U.S.C. § 1332, the Court has original jurisdiction over the claims asserted by Plaintiff because Plaintiff's claims present a controversy between parties of completely diverse citizenship, and the amount of controversy exceeds $75,000, exclusive of interest and costs.

10.     Pursuant to 28 U.S.C. § 1446(a), Defendants will file and serve a Notice of Filing of Notice of Removal attaching a copy of this Notice of Removal with the Clerk of the Superior Court of California, for the County of Orange.  Defendants will also serve a copy of the Notice of Filing of Notice of Removal on counsel for Plaintiff.

WHEREFORE, Defendants respectfully request that this action be removed from the California Superior Court for the County of Orange to this Court.

Dated:  December 12, 2008

SHAPIRO, RODARTE & FREEDMAN LLP

By: _____

Cindy F. Forman

Attorneys for Defendants
SILVER POINT CAPITAL, L.P., and SILVER
POINT FINANCE, LLC

EXHIBIT A

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FILED *(FOR COURT USE ONLY)*
*(SOLO PARA USO DE LA CORTE)*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 1 2 2008

ALAN CARLSON, Clerk of the Court

BY:   C. ALVAREZ   ,DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO) :**
SILVER POINT CAPITAL, L.P. a Delaware Limited Partnership;
SILVER POINT FINANCE, LLC, a Delaware Limited Liability
Company; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE) :**
Wang, Hartmann, Gibbs & Cauley, P.C., a corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California, Orange County<br>Central Justice Center<br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>00-2008<br>0 0 1 1 4 6 4 5<br>JUDGE SHEILA FELL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Regis A. Guerin
1301 Dove Street, Suite 1050
949-833-8403

DEPT C22
Wang, Hartmann, Gibbs & Cauley, P.C.
Newport Beach, CA 92660

DATE:
*(Fecha)* NOV 1 2 2008   ALAN CARLSON   Clerk, by   CARLOS J. ALVAREZ   , Deputy
*(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :
   Silver Point Capital, L.P.
3. ☑ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☑ other *(specify)* : LP
4. ☐ by personal delivery on *(date)* :

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

SUMMONS

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

Wang, Hartmann & Gibbs, P.C.

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 12 2008

ALAN CARLSON, Clerk of the Court

BY: C. ALVAREZ ,DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
SILVER POINT CAPITAL, L.P. a Delaware Limited Partnership;
SILVER POINT FINANCE, LLC, a Delaware Limited Liability
Company; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
Wang, Hartmann, Gibbs & Cauley, P.C., a corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California, Orange County<br>Central Justice Center<br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>**80-2008**<br>**00 114 645**<br>JUDGE SHEILA FELL<br>C22 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Regis A. Guerin                    Wang, Hartmann, Gibbs & Cauley, P.C.
1301 Dove Street, Suite 1050       Newport Beach, CA 92660
949-833-8483

DATE:
*(Fecha)* NOV 12 2008   ALAN CARLSON   Clerk, by CARLOS J. ALVAREZ , Deputy
                                     *(Secretario)*                    *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

(SEAL)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

   Silver Point Finance LLC

3. ☑ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify)*: LLC
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
with Deno's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Wang, Hartmann & Gibbs, P.C.

−5a−

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
Regis A. Guerin                                    215170
Wang, Hartmann, Gibbs & Cauley, P.C.
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
TELEPHONE NO.: 949-833-8483        FAX NO.: 949-833-2281
ATTORNEY FOR *(Name):* Wang, Hartmann, Gibbs & Cauley, P.C.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME: Wang Hartmann Gibbs & Cauley v. Silver Point Capital, et al.

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 12 2008

ALAN CARLSON, Clerk of the Court

BY:      C. ALVAREZ      , DEPUTY

30-2008

00114645

JUDGE SHEILA FELL
DEPT. C22

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Three (3)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 12, 2008

Regis A. Guerin
_____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
o Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
o File this cover sheet in addition to any cover sheet required by local court rule.
o If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
o Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

ESSENTIAL FORMS

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Page 1 of 2

Wang, Hartmann, Gibbs & Cauley

WANG HARTMANN GIBBS & CAULEY, PC
Jeffrey C. P. Wang (SBN: 144414)
jeffreywang@whgclaw.com
Regis A. Guerin (SBN: 215170)
regisguerin@whgclaw.com
Jason B. Witten (SBN: 220612)
jasonwitten@whgclaw.com
1301 Dove Street, Suite 1050
Newport Beach, California 92660
Telephone:  (949) 833-8483
Facsimile:  (949) 833-2281

Attorneys for Plaintiff
WANG HARTMANN GIBBS & CAULEY, PC

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 1 2 2008

ALAN CARLSON, Clerk of the Court

BY:___C. ALVAREZ___,DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

30-2008

| | |
|---|---|
| WANG HARTMANN GIBBS & CAULEY, PC, a  Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER POINT CAPITAL, L.P., a Delaware Limited Partnership; SILVER POINT FINANCE, LLC, a Delaware Limited Liability Company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: **0 0 1 1 4 6 4 5**<br><br>**COMPLAINT FOR:**<br>1.  **INDUCING BREACH OF CONTRACT**<br>2.  **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ADVANTAGE**<br>3.  **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ADVANTAGE**<br><br>JUDGE SHEILA FELL<br>DEPT. C22 |

COMES NOW Plaintiff WANG HARTMANN GIBBS & CAULEY, PC ("WHGC" or "Plaintiff") claims and alleges in its Complaint pursuant to Code of Civil Procedure §472, as follows:

///

///

///

1

PLAINTIFF'S COMPLAINT

## PARTIES

1.    Plaintiff WHGC is, and at all times relevant herein has been, a Corporation with its principal place of business in the County of Orange, State of California.

2.    Defendant Silver Point Capital, L.P. ("SPC") is, and at all times relevant herein has been, a Limited Partnership organized and existing under the laws of the State of Delaware, with its principal place of business located at 2 Greenwich Plaza, Floor 1, Greenwich, Connecticut 06830.

3.    Defendant Silver Point Finance, LLC ("SPF") is, and at all times relevant herein has been, a Limited Liability Company organized and existing under the laws of the State of Delaware, with its principal place of business located at 2 Greenwich Plaza, Floor 1, Greenwich, Connecticut 06830.

4.    On information and belief, Defendants Does 1 through 25 are responsible for the damages sustained by Plaintiff herein. The true names and capacities, whether individual, corporate, associate or other-wise, of Defendants Does 1 through 25, inclusive, are unknown to the Plaintiff, which therefore sues said defendants by fictitious names, pursuant to Code of Civil Procedure §474. Plaintiff will seek leave of Court to amend this Complaint to reflect such defendants' true names and capacities when the same have been ascertained.

5.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, each of the Defendants named herein was the agent, servant, joint venturer and/or employee of the other Defendants; and in doing the things alleged herein, was acting within the course and scope of such agency, joint venture and/or employment with the advance knowledge, permission, consent and/or acquiescence, or subsequent ratification of each and every remaining Defendant. Plaintiff is further informed and believes, and based thereon alleges, that at all times relevant each of the Defendants named herein conspired together to commit the unlawful acts alleged herein and otherwise received the benefits of the underlying agreements at issue herein.

///
///
///

2

6.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendant SPC and SPF were merely the alter egos of each other and Does 1 through 25, inclusive. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein there was such a unity of interest among Defendants SPC, SPF and Does 1 through 25, inclusive, such that the separate personality of Defendants SPC, SPF and Does 1 through 25 did not in reality exist. Defendants have attempted to utilize the corporate and or limited liability "veil" to perpetrate tortious acts and circumvent contractual obligations, and/or to accomplish other wrongful and/or inequitable purposes. On information and belief, those wrongful and/or inequitable purposes were accomplished by, among other things, by Defendants failing to maintain corporate records, failing to conduct board meetings, inadequate capitalization as compared with its business operations and the risk of loss attendant thereto, and the disregard of corporate formalities.

7.    Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein was, and remains, legally responsible for the losses and harm which the Plaintiff suffered, as alleged herein below.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction pursuant to the California Constitution, Article VI, § 5, and personal jurisdiction over the Defendants in accordance with Code of Civil Procedure §410.10, et seq.

9.    Venue is proper in this Court insofar as the underlying obligation or liability and/or breach arose in the County of Orange, State of California. Code of Civil Procedure §§395 and 395.5.

## ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

10.    In or about February, 2006, October, 2006, February, 2007 and October, 2007, WHGC entered into valid, binding, and enforceable legal service agreements with Vivitar Corporation ("Vivitar") for certain legal services, whereby Vivitar agreed to pay legal fees relating to the following matters:

///

3

PLAINTIFF'S COMPLAINT

      a.   Trademark services ("Trademark services");

      b.   Vivitar v. General Electric -- Court Case No.: ("GE matter");

      c.   Flashpoint v. Vivitar -- AAA Case No.: ("Flashpoint matter"); and

      d.   eDigital v. Vivitar -- Court Case No.: ("eDigital matter").

11.   The total amounts due and owing from Vivitar to WHGC are as follows:

      a.  Trademark services:  $100.00

      b.  GE matter:       $678.50

      c.  Flashpoint matter:   $39,358.89

      d.  eDigital matter:    $194,020.67

      **TOTAL:**         **$234,158.06**

12.   On or about October 26, 2007, Defendant SPF entered into a credit and guaranty agreement ("Credit Agreement") with Syntax-Brillian Corporation ("Syntax-Brillian"), which is the parent company of Vivitar, a term loan in the aggregate principal amount of $150,000,000.

13.   On or about On July 8, 2008, Syntax-Brillian filed for protection under Chapter 11 of the U.S. Bankruptcy Code.  However, Vivitar was not a part of the Bankruptcy case.

14.   In or about mid-July 2008, WHGC demanded payment from Vivitar for the outstanding legal fees due and owing.

15.   In or about mid-July 2008, Mike Miller, General Counsel of Syntax-Brillian, on behalf of Vivitar, informed WHGC that Vivitar was advised by Defendants not to pay WHGC and that Vivitar would not be paying WHGC for its services rendered due to the advice of Defendants.

16.   Defendants' instruction to Vivitar to not pay WHGC was done for wrongful and malicious purposes and for its own financial gain.

17.   Vivitar's failure to pay for services rendered and refusal to pay for services rendered is a material breach of the legal service agreements between Vivitar and WHGC.

18.   Defendants actions caused Vivitar to breach the legal services agreements with WHGC and but for the conduct of the Defendants, Vivitar would have performed as set forth in the legal service agreements.

///

19.     As a direct and proximate result of Defendants' and Does 1 through 25, inclusive, wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial including, but not limited to, the outstanding balance owed by Vivitar in the sum of $234,158.06.

20.     The actions of Defendants herein were done with oppression, fraud and malice as defined in Civil Code §3924.   As such, Plaintiff is entitled to recover punitive damages against Defendants in a sum sufficient to punish or otherwise to set an example of their despicable conduct herein.

## FIRST CAUSE OF ACTION

### (INDUCING BREACH OF CONTRACT)

#### (Against all Defendants)

21.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 19, above, as though set forth at length herein.

22.     Plaintiff and Vivitar entered into a series of valid, binding and enforceable contracts for legal services, whereby Plaintiff would provide legal services for Vivitar in exchange for payment of fees.

23.     Defendants had knowledge of the existence of these legal service contracts between Plaintiff and Vivitar.  Defendant knowingly induced Vivitar to breach the legal service contracts with Plaintiff.

24.     Vivitar actually breached the legal service contracts and owes Plaintiff $234,158.06.

25.     Vivitar's breach of contract was caused by Defendants wrongful and unjustified conduct.

26.     As a direct and proximate result of Defendants' and Does 1 through 25, inclusive, wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial including, but not limited to, the outstanding balance owed by Vivitar in the sum of $234,158.06.

27.     The actions of Defendants herein were done with oppression, fraud and malice as defined in Civil Code §3924.   As such, Plaintiff is entitled to recover punitive damages against Defendants in a sum sufficient to punish or otherwise to set an example of their despicable conduct herein.

///

5

PLAINTIFF'S COMPLAINT

## SECOND CAUSE OF ACTION

### (INTENTIONAL INTERFERENCE WITH PROSPECTIVE ADVANTAGE)

#### (Against all Defendants)

28.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 26, above, as though set forth at length herein.

29.    Plaintiff and Vivitar entered into a series of valid, binding and enforceable contracts for legal services, whereby Plaintiff would provide legal services for Vivitar in exchange for payment of fees.  Based upon these legal service contracts, a prospective economic relationship existed between Plaintiff and Vivitar with the probability of future economic benefit to Plaintiff.

30.    Defendants had knowledge of the existence of these legal service contracts between Plaintiff and Vivitar and the relationship between Plaintiff and Vivitar.  Defendant knowingly intended to disrupt the relationship between Plaintiff and Vivitar.

31.    The relationship between Plaintiff and Vivitar has been disrupted and Vivitar owes Plaintiff $234,158.06.

32.    Defendants' interference was wrongful beyond the fact of the interference itself.

33.    The disruption of the relationship between Plaintiff and Vivitar was caused by the conduct of Defendants.

34.    As a direct and proximate result of Defendants' and Docs 1 through 25, inclusive, wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial including, but not limited to, the outstanding balance owed by Vivitar in the sum of $234,158.06.

35.    The actions of Defendants herein were done with oppression, fraud and malice as defined in Civil Code §3924.  As such, Plaintiff is entitled to recover punitive damages against Defendants in a sum sufficient to punish or otherwise to set an example of their despicable conduct herein.

///

///

///

///

## THIRD CAUSE OF ACTION

## (NEGLIGENT INTERFERENCE WITH PROSPECTIVE ADVANTAGE)

### (Against all Defendants)

36.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34, above, as though set forth at length herein.

37.     Defendants had a duty of care owed to Plaintiff to refrain from interfering with Plaintiff's prospective advantage.

38.     Defendants breached the duty of care by advising, directing and instructing Vivitar not to pay the fees Vivitar owed to Plaintiff.

39.     As a direct and proximate result of Defendants' and Does 1 through 25, inclusive, breach of the duty of care, Plaintiff has suffered damages in an amount to be proven at trial including, but not limited to, the outstanding balance owed by Vivitar in the sum of $234,158.06.

40.     The actions of Defendants herein were done with oppression, fraud and malice as defined in Civil Code §3924.   As such, Plaintiff is entitled to recover punitive damages against Defendants in a sum sufficient to punish or otherwise to set an example of their despicable conduct herein.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.      That judgment be entered against Defendants and in favor of Plaintiffs;

2.      For compensatory, consequential and incidental damages in amounts to be proven at trial but in excess of $234,158.06;

3.      For exemplary damages against Defendants on all causes of action, pursuant to Civil Code § 3294 and in amounts to be proven at trial;

4.      For pre-judgment and post-judgment interest at the maximum legal rate;

5.      For such other and further relief as this Court deems just and proper.

///
///
///

7

1   DATED: November 12, 2008

2                                              WANG HARTMANN GIBBS & CAULEY, PC

3                                    By:

4                                              Regis A. Guerin, Esq.
                                               Attorneys for Plaintiff
5                                              WANG HARTMANN GIBBS & CAULEY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

PLAINTIFF'S COMPLAINT

# SUPERIOR COURT OF CALIFORNIA

### ORANGE COUNTY -- CENTRAL JUSTICE CENTER

## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART

Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Notice to Courtroom the day before the hearing but no later than: | Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C22 | FELL 714-834-4355 | Wednesdays at 10:00 a.m.** | Daily 8:30 a.m. | Not required | 2:00 p.m | Yes - 4:30 p.m. the day before | Moving party must submit on moving papers unless the court invites oral argument. Oral argument will be heard on the hearing date. Oppositions must be in writing but may be hand written if presented at the time of appearance. |
| C33 | GLASS 714-834-2314 | Tuesday 9:00 a.m. | Monday 10:00 a.m. T, W, Th, F 9:00 a.m. | 9:00 a.m. | 3:00 p.m. Oppositions due by 9:00 a.m. day before hearing | Yes - Friday before hearing | Oral argument will be heard at the hearing. Counsel may submit on pleadings but must inform clerk prior to calendar call. Call clerk if all sides submit to tentative ruling. The court may allow oral argument but it will be limited to 5 minutes or less per side. |
| C9 | GRAY 714-834-3755 | Thursday 1:45 p.m. | M-Th 9:00 a.m. | 10:00 a.m. | 3:00 p.m. | No | First paragraph of the Ex Parte Application shall state in detail the irreparable harm that will occur if the relief requested is not granted until after a formally noticed hearing. |
| C31 | HORN 714-834-2372 | Monday 1:30 p.m. | T, W, Th 9:00 a.m. | 12:00 p.m. before Ex Parte Hearing. Reservation must be made with courtroom prior to the hearing. | 3:00 p.m. | No | If Monday is a holiday, law and motion is heard on Thursday at 1:30 p.m. |
| C24 | HUNT 714-834-5092 | T, W, Th 8:30 a.m. | Daily 1:30 p.m. | Not required | Submit documents at time of hearing | No | Motions for Summary Judgment & Demurrers must be reserved with C-12 prior to filing by calling (714)834-5092. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |

-15-

# SUPERIOR COURT OF CALIFORNIA

### ORANGE COUNTY – CENTRAL JUSTICE CENTER

## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART

**Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207**

**Court Local Rules are located at www.occourts.org**

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Notice to Courtroom the day before the hearing but no later than: | Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C6 | BANKS 714-834-3710 | Friday 1:30 p.m. | Daily 8:45 a.m. | Noon | 3:00 p.m. | Yes | Call (714) 834-3710 to reserve motion date. Moving party must submit on moving papers unless court invites oral argument. Counsel must reserve Ex Parte hearings with the courtroom by calling (714) 834-3710 and supply whatever information my be requested. |
| C17 | CHAFFEE 714-834-3750 | Friday 9:30 a.m. | Daily 1:30 p.m. | None | Noon | Yes - 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310) 914-7884 or (888) 88-COURT |
| C10 | CRAMIN 714-834-4660 | Friday 10:00 a.m. | Daily 9:00 a.m. | Not required | 11:00 a.m. | No | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT. |
| C18 | DI CESARE 714-834-4592 | Thursdays 1:30 p.m. | M,T,W,F 1:30 p.m. | Noon | 10:30 a.m. | Yes - 3:00 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |
| C20 | DIDIER 714-4685 | Friday 9:00 a.m. | M,T,W,Th 8:30 a.m. | Noon | 3:00 p.m. | Yes | Moving party must submit on moving papers unless court invites oral argument. If one or all parties submit on the tentative, they each must notify the clerk. The tentative will become the final ruling if all parties submit, unless otherwise directed. |

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 (Rev. February2008)

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

### BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**   A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**   When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**   In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**   ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**   In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**   Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

### DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.**   If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators".

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Institute for Conflict Management (714) 288-5600
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198
- Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center.  For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE  program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.  Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

L1200 (Rev. February2008)

Page 4 of 4

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):*

FOR COURT USE ONLY

Telephone No.:
E-Mail Address (Optional):                    Fax No. (Optional):
ATTORNEY FOR *(Name):*                        Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

CASE NUMBER:

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

☐  Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐  Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

_____

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in
an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____

Date: _____

_____          _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

_____          _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)          (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. February, 2008)

California Rules of Court, rule 3.221

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 1 1 2008

ALAN CARLSON, Clerk of the Court

BY _____ N. DORFMAN _____ ,DEPUTY

1 | SHAPIRO, RODARTE & FREEDMAN LLP
CINDY F. FORMAN, Bar No. 134267
2 | THOMAS W. FOOTE, Bar No. 151013
233 Wilshire Boulevard, Suite 700
3 | Santa Monica, California 90401-1220
Telephone: (310) 319-5400
4 | Facsimile: (310) 319-5401

5 | Attorneys for Defendants
SILVER POINT CAPITAL, L.P., and
6 | SILVER POINT FINANCE, LLC

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF ORANGE

10

11 | WANG HARTMANN GIBBS & CAULEY, P.C.,        ) Case No. 30-2008-00114645
a Corporation,                              )
12 |                                         ) **ANSWER OF DEFENDANTS SILVER**
Plaintiff,             ) **POINT CAPITAL, L.P. AND SILVER**
13 |                                         ) **POINT FINANCE, LLC, TO UNVERIFIED**
vs.                    ) **COMPLAINT**
14 |                                         )
SILVER POINT CAPITAL, L.P., a Delaware      ) **Assigned to the Hon. Sheila Fell, Dept. C22**
15 | Limited Partnership, and SILVER POINT    )
FINANCE, LLC, a Delaware Limited Liability  ) Complaint Filed: November 12, 2008
16 | Company, and DOES 1 through 25, inclusive, )
)
17 |         Defendants.                       )
)
18 | _____ )

19

20 |        Defendants SILVER POINT CAPITAL, L.P., and SILVER POINT FINANCE, LLC

21 | ("Defendants") hereby answer the unverified Complaint of Plaintiff WANG HARTMANN GIBBS

22 | & CAULEY, P.C. ("Plaintiff"), as follows:

23

24 |                             **GENERAL DENIAL**

25 |        Pursuant to the California Code of Civil Procedure § 431.30(d), Defendants hereby

26 | generally deny each and every allegation contained in Plaintiff's Complaint, including each and

27 | every purported cause of action alleged therein, and further deny that Plaintiff has suffered any

28 | injury or damages of any kind attributable in any way to any act or omission of Defendants.

-1-
DEFENDANTS' ANSWER TO COMPLAINT

**FIRST AFFIRMATIVE DEFENSE**

1.    The Complaint fails to state facts sufficient to state any cause of action.

**SECOND AFFIRMATIVE DEFENSE**

2.    Plaintiff's injuries, if any, were caused by its own conduct, or the acts of a third party, not by any action or omission of Defendants.

**THIRD AFFIRMATIVE DEFENSE**

3.    All actions taken by Defendants were justified.

**FOURTH AFFIRMATIVE DEFENSE**

4.    All actions taken by Defendants were in good faith.

**FIFTH AFFIRMATIVE DEFENSE**

5.    All actions taken by Defendants were a proper exercise of their rights.

**SIXTH AFFIRMATIVE DEFENSE**

6.    All actions taken by Defendants were without ill will or malice.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    All actions taken by Defendants were privileged.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    Plaintiff's claims are barred, in whole or in part, by various equitable doctrines, including without limitation, the doctrine of estoppel, laches, unclean hands, and/or waiver.

**NINTH AFFIRMATIVE DEFENSE**

9.    Any of Defendants' statements were privileged in that they constituted protected business and/or legal advice.

**TENTH AFFIRMATIVE DEFENSE**

10.    Any and all actions of Defendants were undertaken for legitimate business purposes and without unlawful purpose or motive.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    Plaintiff unreasonably failed to avoid harm and/or mitigate its damages.

1

## TWELFTH AFFIRMATIVE DEFENSE

2    12.    Any damage, loss, or injury Plaintiff may have suffered was not caused by or

3    attributable to Defendants.

4

## THIRTEENTH AFFIRMATIVE DEFENSE

5    13.    Plaintiff has failed to state a cognizable claim for punitive damages against

6    Defendants.

7

## FOURTEENTH AFFIRMATIVE DEFENSE

8    14.    Plaintiff's claims for punitive damages are barred, or at least limited, by the

9    Constitution of the United States of America and under the Constitution of the State of California,

10   including but not limited to, the provisions relating to procedural and substantive due process, the

11   Excessive Fines Clause of the Eighth Amendment, the Due Process clause of the Fifth Amendment

12   and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution.

13

## FIFTEENTH AFFIRMATIVE DEFENSE

14   15.    Defendants' financial interest(s) in Vivitar Corporation ("Vivitar"), and/or Vivitar's

15   parent corporation, bars Plaintiff's claims, and any acts taken by Defendants were taken to protect

16   such interests.

17

## SIXTEENTH AFFIRMATIVE DEFENSE

18   16.    Plaintiff's claims are barred in whole or in part by Plaintiff's contributory and/or

19   comparative fault.

20

## SEVENTEENTH AFFIRMATIVE DEFENSE

21   17.    No wrongful means were employed by Defendants.

22

## EIGHTEENTH AFFIRMATIVE DEFENSE

23   18.    No special relationship exists between Plaintiff and Defendants and Defendants owe

24   no duty to Plaintiff.

25

## NINETEENTH AFFIRMATIVE DEFENSE

26   19.    Plaintiff's action constitutes an improper attempt to avoid the client's right to fee

27   arbitration under California Business & Professions Code Sections 6200 et seq.

28

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's action is barred to the extent that its alleged contractual right or prospective advantage is or was unenforceable for any reason.


WHEREFORE, Defendants pray for judgment, as follows:

1.     Dismissing the entirety of Plaintiff's Complaint with prejudice in favor of Defendants;

2.     Denying all relief sought by Plaintiff;

3.     Awarding Defendants' expenses, costs and attorneys' fees; and

4.     Granting such other and further relief as is just and proper.


Dated:  December 11, 2008                SHAPIRO, RODARTE & FREEDMAN LLP


By: _____
                Cindy F. Forman

Attorneys for Defendants
SILVER POINT CAPITAL, L.P., and SILVER POINT
FINANCE, LLC

-4-

1

## PROOF OF SERVICE

2

3      I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is Shapiro, Rodarte & Freedman LLP,
4   233 Wilshire Boulevard, Suite 700, Santa Monica, California  90401-1220.

5      On **December 11, 2008,** I served the within document(s) described as:

6   **ANSWER OF DEFENDANTS SILVER POINT CAPITAL, L.P. AND SILVER POINT
FINANCE, LLC, TO UNVERIFIED COMPLAINT**

7

8      on the interested parties in this action as stated below:

9      Regis A. Guerin, Esq.
       Wang, Hartmann, Gibbs & Cauley
       1301 Dove Street, Suite 1050
10     Newport Beach, California 92660

11   [X]   **(BY MAIL)** By placing a true copy of the foregoing document(s) in a sealed envelope
             addressed as set forth above.  I placed each such envelope for collection and mailing
12           following ordinary business practices.  I am readily familiar with this Firm's practice for
             collection and processing of correspondence for mailing.  Under that practice, the
13           correspondence would be deposited with the United States Postal Service on that same day,
             with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of
14           business.  I am aware that on motion of the party served, service is presumed invalid if
             postal cancellation date or postage meter date is more than one day after date of deposit for
15           mailing in affidavit.

16      Executed on December 11, 2008, at Santa Monica, California.

17      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

18

19   _____          _____
          NINA C. JAMES                                    (Signature)
20         (Type or print name)

21

22

23

24

25

26

27

28

EXHIBIT B



**NATIONAL CORPORATE RESEARCH,** LTD.

The Right Response at the Right Time, Every Time.

**Notice of Service of Process**

NEW YORK, NY • ALBANY, NY • LOS ANGELES, CA • SACRAMENTO, CA • DOVER, DE • SPRINGFIELD, IL

**DATE:** November 14, 2008

**TO:** Renee Fogelbaum
Silver Point Capital L.P.
Two Greenwich Plaza
1st Floor
Greenwich, CT 06830

**RE:** SERVICE OF PROCESS AGAINST:
**SILVER POINT CAPITAL, L.P.**

**SENT VIA:**

☑ Federal Express
☐ Fascimile Transmission
☑ Other: Email

Tracking Number:
796116740342

---

The enclosed Service of Process was received by the statutory agent in: **Delaware**

on the date of: **November 14, 2008**

sent via: **Personal Service**

TITLE OF ACTION:   Wang, Hartman Gibbs & Cauley, PC vs. SILVER POINT CAPITAL, L.P., et al.

COURT AND CASE NO:   Superior Court of California for the County of Orange

Case No.   30-2008 00114645
Summons and Complaint

RESPONSE REQUIRED BY:   Within thirty (30) days

Sincerely,

*Wayne Rafanelli*

Wayne Rafanelli, Manager - Registered Agent Services

---

**Please sign, date, and return the attached confirmation form using the enclosed addressed envelope.**

615 South DuPont Highway, Dover, Delaware 19901 • (302) 734-1450 (800) 483-1140 FAX (302) 734-1476
website: www.nationalcorp.com • e-mail address: info@nationalcorp.com

# NCR NATIONAL CORPORATE RESEARCH, LTD.
The Right Response at the Right Time, Every Time.

## Notice of Service of Process

NEW YORK, NY • ALBANY, NY • LOS ANGELES, CA • SACRAMENTO, CA • DOVER, DE • SPRINGFIELD, IL

**DATE:** November 14, 2008

**TO:** Renee Fogelbaum
Silver Point Capital L.P.
Two Greenwich Plaza
1st Floor
Greenwich, CT 06830

**RE:** SERVICE OF PROCESS AGAINST:
**SILVER POINT FINANCE, LLC**

**SENT VIA:**

☑ Federal Express
☐ Fascimile Transmission
☑ Other: Email

Tracking Number:
796116740342

---

The enclosed Service of Process was received by the statutory agent in: **Delaware**

on the date of: **November 14, 2008**

sent via: **Personal Service**

TITLE OF ACTION:   Wang, Hartmann, Gibbs & Cauley, PC vs. Silver Point Capital, L.P., et al. including SILVER POINT FINANCE, LLC

COURT AND CASE NO:   Superior Court of the State of California, County of Orange

Case No.   30-2008-00114645
Summons and Complaint

RESPONSE REQUIRED BY:   Within thirty (30) days

Sincerely,

*Wayne Rafanelli*

Wayne Rafanelli, Manager - Registered Agent Services

---

**Please sign, date, and return the attached confirmation form using the enclosed addressed envelope.**

615 South DuPont Highway, Dover, Delaware 19901 • (302) 734-1450 (800) 483-1140 FAX (302) 734-1476
website: www.nationalcorp.com • e-mail address: info@nationalcorp.com

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Shapiro, Rodarte & Freedman LLP, 233 Wilshire Boulevard, Suite 700, Santa Monica, California 90401-1220.

On **December 12, 2008**, I served the within document(s) described as:

**NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. SECTION 1441(b) (DIVERSITY)**

on the interested parties in this action as stated below:

Regis A. Guerin, Esq.
Wang Hartmann Gibbs & Cauley
1301 Dove Street, Suite 1050
Newport Beach, California 92660

[X]   **(BY MAIL)** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **December 12, 2008**, at Santa Monica, California.

I declare under penalty of perjury that the foregoing is true and correct.

| NINA C. JAMES | |
| --- | --- |
| (Type or print name) | (Signature) |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| WANG HARTMANN GIBBS & CAULEY, P.C. | SILVER POINT CAPITAL, L.P., SILVER POINT FINANCE LLC, and DOES 1 through 25 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| REGIS A. GUERIN, ESQ. WANG HARTMANN GIBBS & CAULEY, P.C. 1301 Dove St., Ste. 1050, Newport Beach, CA 92701; (949) 833-8483 | CINDY F. FORMAN, ESQ. SHAPIRO, RODARTE & FREEDMAN, LLP 233 Wilshire Blvd., Ste. 700 Santa Monica, California 90401; (310) 319-5400 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** 234,158

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332(a) and 1441(b) - Inducing breach of contract/interference with economic advantage

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                       CIVIL COVER SHEET                                       Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
   ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
   ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey, New York, Connecticut (residence of partners) Connecticut (principal place of business) Delaware (place of incorporation) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date December 12, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

**8:CV08- 1411 DOC  (ANx)**

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY