O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV08-01411 DOC (ANx)            Date: October 26, 2009

Title: WANG HARTMANN GIBBS & CAULEY, PC v. SILVER POINT CAPITAL, L.P.; SILVER POINT FINANCE, LLC; and DOES 1 through 10, inclusive.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                         Date:_____   Deputy Clerk: _____

PRESENT:            THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                                           Not Present
    Courtroom Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

     NONE PRESENT                               NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER AND FOR PERMISSION TO FILE FIRST AMENDED COMPLAINT

      Before the Court is Plaintiff Wang Hartmann Gibbs & Cauley, PC ("Plaintiff")'s Motion for Leave to Amend the Scheduling Order and for Permission to File First Amended Complaint ("Motion"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, and for the reasons stated below, the Motion is GRANTED in part and DENIED in part.

I.     BACKGROUND

    A.     Procedural History

      On November 12, 2008, Plaintiff filed an action against Defendants Silver Point Capital, L.P., Silver Point Finance, LLC, and Does 1 through 25, inclusive (collectively "Defendants") in the

Superior Court of the State of California, County of Orange, alleging (1) inducement of breach of contract; (2) intentional interference with prospective advantage; and (3) negligent interference with prospective advantage.  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants removed the action to this Court on December 12, 2008.

The parties submitted their Rule 26(f) Report on February 23, 2009.  On March 9, 2009, this Court issued a Scheduling Order instructing the parties to file any motions to join other parties or for leave to amend pleadings by May 7, 2009.  The Court's Scheduling Order also set December 1, 2009 as the Discovery cut-off date and ordered the parties to serve all written discovery requests at least 45 days prior to that date.

### B.     Relevant Factual Background

Plaintiff's initial Complaint alleges, *inter alia*, that Defendants obstructed the payment of fees owed by Vivitar Corporation ("Vivitar") to Plaintiff for legal work performed by Plaintiff under four legal service agreements between Vivitar and Plaintiff.  *See* Notice of Removal, Ex. A ¶¶ 10-19.  The Complaint identifies Defendants as alter egos and creditors of Vivitar's parent, Syntax-Brillian Corporation ("Syntax-Brillian").  It further alleges that Syntax-Brillian's General Counsel informed Plaintiff that Defendants had advised Vivitar against paying legal fees rightfully owed to Plaintiff soon after entering into a credit and guaranty agreement (the "Credit Agreement") with Syntax-Brillian.  *Id.* ¶ 12-15.  Therefore, "Defendants [sic] actions caused Vivitar to breach the legal services agreements with [Plaintiff] and but for the conduct of Defendants, Vivitar would have performed as set forth in the legal service agreements."  *Id.* ¶ 18.

Plaintiff claims that in February 2009,[1] it served Defendants with its first set of written discovery, including special interrogatories, requests for admission, and requests for documents to Defendants.  Mot. at 2.  Later that month, on February 23, 2009, the parties filed their Joint Rule 26(f) Report, which identified Defendants collectively as a joint creditor of Vivitar.  *See* Joint Rule 26(f) Report at 2-3.  On May 27, 2009, Defendants submitted 1408 pages of documents in response to Plaintiff's initial written discovery requests.  Approximately two months later, between July 15 and 17, 2009, the parties met and conferred regarding the comprehensiveness of Defendants' discovery responses as well as the soundness of the causes of action in Plaintiff's Complaint.  *See* Ohashi Decl. in

---

[1] Plaintiff neglects to provide the Court with the exact date in February 2009 that it served written discovery requests upon Defendants.  Discovery cannot commence until the parties satisfy their conference obligations under Rule 26.  Plaintiff and Defendants met telephonically to conduct their Rule 26(f) conference on February 12, 2009.  *See* Joint Rule 26(f) Report, at 2 ("On February 12, 2008 [sic], counsel for all appearing parties met telephonically to conduct the Rule 26(f) conference.").  Absent an exemption under Rule 26(a)(1)(B) or a finding of good cause by the court, the parties may not conduct discovery prior to the Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(1).

support of Mot., Exs. F-K.  As part of that correspondence, Plaintiff shared its intention to amend its Complaint to add a cause of action for unjust enrichment, solicited Defendants' consent, and Defendants declined to consent to amendment on the grounds that the amendment would be untimely and legally futile.  *See id.*  On August 14, 2009, Defendants sent Plaintiff a supplemental production of documents as well as a privilege log.

### C. Plaintiff's Proposed FAC

Plaintiff filed the present Motion on September 16, 2009, more than four months after the scheduling order's cut-off date for amendments to pleadings and three months after Defendants declined to consent to amendment.  Plaintiff's proposed FAC adds a cause of action for quantum meruit/unjust enrichment.  *See id.*, Ex. A ¶¶ 53-62.  In relevant part, the new cause of action alleges that Defendants held a security interest in all of Vivitar's assets pursuant to the Credit Agreement.  *Id.* ¶ 55.  It further alleges that Plaintiff's provision of legal services to Vivitar "protected the value and interests of Vivitar, which was a business that served as Defendants' collateral under the terms of the Credit Agreement."  *Id.* ¶ 56.  As such, Defendants benefitted and were unjustly enriched by the un-reimbursed legal services provided by Plaintiff to Vivitar.  *Id.* ¶¶ 58-61.

The proposed FAC also supplements the Complaint's factual allegations in support of causes of action for inducing breach of contract, intentional interference with prospective advantage, and negligent interference with prospective advantage.  With respect to the first cause of action, the proposed FAC now alleges, in relevant part, that Defendants exercised undue influence, both directly and indirectly through the use of a third-party financial consultant, over Vivitar's finances and prevented Vivitar from paying its legal bills.  *Id.* ¶¶ 25-33.  With respect to the second cause of action, the proposed FAC now alleges, in relevant part, that Defendants prevented Vivitar from paying its legal fees to Plaintiff and engaging in its legal defenses, which disrupted the relationship between Plaintiff and Vivitar.  *Id.* ¶¶ 40-42.  With respect to the third cause of action, the proposed FAC now alleges, in relevant part, that Defendants' negligent interference with the prospective advantage of Plaintiff was "done in conscious and reckless disregard of the rights of Plaintiff."  *Id.* ¶ 52.

## II. LEGAL STANDARD

After the district court issues a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, a party seeking leave to file amend must satisfy first Rule 16's standards governing modifications to the scheduling order and then Rule 15's standards governing the amendment of pleadings.

Modifications to the schedule set by the pretrial scheduling order must be accompanied by "good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the

extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations and quotation marks omitted).

Should the party seeking amendment show good cause to modify the scheduling order, it must still demonstrate that amendment is proper under Rule 15(a). Rule 15(a) provides that, following the entry of a responsive pleading, a court "should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has liberally applied Rule 15's policy favoring amendments. *See Johnson*, 975 F.2d at 607. After the filing of a responsive pleading, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id.*

## III. DISCUSSION

Plaintiff argues that after reviewing the documents produced by Defendants, it has uncovered good cause to file its FAC, with additional allegations of fact and a new cause of action for quantum meruit/unjust enrichment. Specifically, Plaintiff asserts that the documents produced by Defendants prove that Defendants had encumbered Vivitar's assets and inventory as security for Syntax-Brillian's underlying loan debt, and that Vivitar was independently forced to sign the Credit Agreement as a personal guarantor of Syntax-Brillian's debt. Though Plaintiff was aware of Defendants' collective status as creditor to Syntax-Brillian well before the deadline to amend had passed, it argues that only after processing and investigating the information in Defendants' production was it certain that a cause of action for unjust enrichment was viable.

In opposition, Defendants argue first that Plaintiff knew or should have known of facts sufficient to support the new cause of action well before the amendment deadline and independent of the information contained in Defendants' May 2009 and August 2009 document productions. Second, Defendants argue that even if Plaintiff was both initially diligent and unaware of facts supporting its new cause of action, it failed to seek leave to file its FAC until nearly four months after it received Defendants' production. Third, Defendants argue that even if Plaintiff was diligent before and after receiving Defendants' production, its proposed cause of action for unjust enrichment is not viable, and amendment is therefore improper.

### A. Modification of the Scheduling Order

The scheduling order "controls the subsequent course of the action unless unmodified by the court." *Johnson*, 975 F.2d at 608 (internal quotation marks omitted). A party seeking modification of the scheduling order must make a showing of "good cause." *Id.* at 609. In determining whether such "good cause" exists, the Court measures the diligence of the party seeking modification and not the existence of prejudice, if any, to the party opposing modification. *Id.*

Plaintiff argues that only after reviewing Defendants' May 27, 2009 discovery responses

did it discover that: (a) the security agreement between Syntax-Brillian and Defendants provided for the assets and inventory of Vivitar to be encumbered as security for Syntax-Brillian's underlying loan debt; and (b) the security agreement provided for Vivitar to serve as business collateral to secure Syntax-Brillian's debt owed to Defendants. *See* Mot. at 4-5. Defendants respond that the parties' February 23, 2009 Joint Rule 26(f) Report provided Plaintiff with ample notice that Vivitar's assets were encumbered by Defendants pursuant to the Credit Agreement. *See* Opp. at 6.

The Court recognizes that this is a fairly close issue. After all, Plaintiff admits that the predicate fact supporting its proposed cause of action for quantum meruit/unjust enrichment is that "Vivitar served as business collateral to secure Syntax-Brillian's debt owed to Defendants." (*See* Mot. at 5.) The parties' Joint Rule 26(f) Report, which was filed well before the May 7, 2009 cut-off date to amend pleadings, plainly states that the Credit Agreement was "guaranteed by Syntax-Brillian's subsidiaries, including Vivitar, and those guarantees were secured by granting to Silver Point Finance, as collateral agent, for the benefit of the secured parties, a first priority lien on substantially all of the subsidiaries' assets, including a pledge of all capital stock of the domestic subsidiaries." *See* Rule 26(f) Report, at 3. However, Plaintiff did not obtain further information about Vivitar's positive obligations until it received and reviewed Defendants' discovery responses, which included a "Guaranty" agreement extending Syntax-Brillian's liabilities to Vivitar. *See* Ohashi Decl. in Support of Pl.'s Reply in Support of Mot., Ex. C. Under the agreement, Vivitar guaranteed Syntax-Brillian's payments to Defendants under the Credit Agreement. *Id.*

The excerpts of Defendants' document production that Plaintiff supplied the Court clarify Defendants' interest in Vivitar's financial health, which Plaintiff claims was relevant to its ability to fulfill its potential obligations under the "Guaranty" agreement. As such, the information in Defendants' document production supplemented, but did not merely replicate, the information already available in the Joint Rule 26(f) Report. The mere failure to plead a claim on the basis of limited facts does not constitute a lack of diligence. *See C.F. v. Capistrano Unified School Dist.*, No. CV 07-1434, 2009 WL 3018083, *3-*4 (C.D. Cal. Sept. 15, 2009) (noting that Plaintiff was not careless as it had "at least a plausible reason to believe" that a cause action was unlikely to succeed). Moreover, this is Plaintiff's first request for amendment, and it has attached documents showing that it corresponded with Defendants over the course of several months hoping to obtain additional documents and secure Defendants' consent to the proposed amendment. *See* Ohashi Decl. In Support of Pl.'s Mot., Exs. E-K. The Court therefore has no reason to believe that Plaintiff was not diligent in failing to plead its cause of action for quantum meruit/unjust enrichment based solely on the information contained in the Joint Rule 26(f) Report.

Defendants contend that, even absent Plaintiff's knowledge of the facts contained in the Joint Rule 26(f) Disclosure, Plaintiff's failure to file for leave to amend until approximately four months after Defendants' document production demonstrates a lack of diligence. The Court concurs that a party should seek leave to amend a scheduling order with haste, so as to limit delay. However, as Plaintiff has demonstrated on the basis of substantial correspondence with Defendants, its delay resulted from its good-faith effort to extract more information about Vivitar's obligations to Defendants

and Defendants' access to Vivitar's assets. *See id.* Moreover, Defendants' failure to deliver their second production of documents in a timely manner delayed Plaintiff's efforts to properly evaluate the potential merit of its new cause of action. *See Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, No. 07-CV-912, 2009 WL 35470, *2-*3 (S.D. Cal. Jan. 5, 2009) (finding good cause for modification where Defendant's delayed document production informed Plaintiff of its second cause of action).

Accordingly, this Court finds that Plaintiff was diligent in investigating its claim for quantum meruit/unjust enrichment and has therefore shown "good cause" to amend the scheduling order.

### B. Amendment of the Complaint

In addition to showing "good cause" to amend the scheduling order, Plaintiff must also show that amending its complaint is proper. Amendment is proper under Fed. R. Civ. P. 15 (2008) "only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires." The Ninth Circuit has held that leave to amend should be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The factors that a Court may consider in declining to grant leave to amend the complaint include "presence of bad faith on the part of the [party seeking to amend], undue delay, prejudice to the [party opposing amendment], futility of amendment, and that the party has previously amended the relevant pleading." *Mat-Van, Inc.*, 2009 WL 35470, at *3 (citing *Advanced Cardiovascular Sys, Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997)).

As previously mentioned, this is Plaintiff's first request to amend the Complaint. The proposed FAC includes a new cause of action for quantum meruit/unjust enrichment as well as additional factual allegations in support of the Complaint's three causes of action. With respect to the former, the Court has already discussed Plaintiff's good-faith effort to investigate the merits of its new cause of action, obtain documents in support of the same, and contact Defendants in an effort to discuss the proposed cause of action with them. Defendants' nonetheless argue that they will be prejudiced by the introduction of a new cause of action as a result of the impending discovery deadline. The Court agrees that both parties should be afforded time to conduct discovery with respect to the FAC's new cause of action, and will modify the scheduling order accordingly.

Finally, Defendants argue that amendment is improper because Plaintiff's new cause of action is futile. However, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). This Court has considered the authorities offered by the parties with regard to the viability of a claim for unjust enrichment against a secured creditor. Even Defendants concede that Plaintiff can prevail in certain circumstances, which Defendants claim are not present in this case. *See* Opp. at 12. The Court therefore considers it proper to permit Plaintiff the opportunity to plead a cause of action for quantum meruit/unjust enrichment and seek the discovery of evidence in support of the same.

      The Court does not likewise consider the amendment of the Complaint's first three causes of action proper. The simple inclusion of further evidence obtained via discovery does not warrant leave to amend. Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Ojo v. Farmers Group, Inc.*, 565 F.3d 1175, 1194 (9th Cir. 2009) (internal citations and quotation marks omitted). Defendant is already on notice of Plaintiff's three initial causes of action and further factual allegations in support of the Complaint's causes of action are not necessary.

## IV.   DISPOSITION

      For the foregoing reasons, Plaintiff's motion to modify the scheduling order and for leave to file the First Amended Complaint is GRANTED as to Plaintiff's request to add a cause of action for quantum meruit/unjust enrichment and DENIED as to Plaintiff's request to amend the first, second, and third causes of action of its Complaint. Plaintiff is granted 7 days leave to submit its FAC.

      The Court further ORDERS that, in order to accommodate the parties' interest in conducting discovery as to the FAC's fourth cause of action, the Scheduling Order is hereby modified only as follows:

1. The Discovery Cut-Off Date is changed from December 1, 2009 to December 22, 2009.

2. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least thirty (30) days before the discovery cut-off date. The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date except in unusual circumstances and upon a showing of good cause.

      The Clerk shall serve this minute order on all parties to the action.